UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE TORRES,

        Petitioner,

v.                                                Case Number: 18-CV-10591
                                                  HONORABLE AVERN COHN

RANDEE REWERTS,[1]

        Respondent.

_____/

## MEMORANDUM AND ORDER
## DENYING RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE (Doc. 7)
## AND
## TRANSFERRING PETITION TO THE COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jose Torres (Petitioner) filed a petition for a writ of habeas corpus challenging his convictions for three counts of first-degree criminal sexual conduct, M.C.L. § 750.520b(1)(a). Respondent, through the Attorney General's office, filed a motion to dismiss, arguing that the petition is untimely. The Court, however, finds that the petition is an unauthorized second or successive petition, which means that this court lacks subject-matter jurisdiction. Accordingly, Respondent's motion will be denied without prejudice and that petition will be transferred to the Court of Appeals for the Sixth Circuit.

---

[1] The proper respondent in a habeas case is the state officer having custody of the petitioner. See Rule 2, Rules Governing Section 2254 Cases. Petitioner is currently housed at the Carson City Correctional Facility. The warden of that facility is Randee Rewerts. The caption is AMENDED to reflect Randee Rewerts as Respondent.

## II. Background

Petitioner's convictions arise from the sexual assault of then eight-year old T.M. Petitioner was convicted by a jury in state court and sentenced to concurrent terms of twenty to fifty years in prison. His convictions were affirmed on direct appeal. People v. Torres, No. 240738, 2003 WL 22138279 (Sept. 16, 2003), lv. den. 494 Mich. 1003 (Mich. Jan. 27, 2004).

In 2005, Petitioner filed a habeas petition in this district, challenging the same convictions challenged in the pending petition. Respondent filed a motion in opposition arguing that Petitioner's claims were unexhausted, not cognizable, and without merit. In response, Petitioner admitted that his claims were unexhausted, moved to dismiss his unexhausted claims without prejudice, and to amend his petition to include claims already exhausted in state court. The Court denied Petitioner's motion and dismissed the petition with prejudice because Petitioner's proposed new claims were barred by the statute of limitations and his pending claims were procedurally defaulted. See 6/1/2006 Op. & Ord., Torres v. Davis, No. 05-cv-73917. The Court denied a certificate of appealability. Torres v. Davis, 2006 WL 1943877 (E.D. Mich. July 11, 2006). The Sixth Circuit also denied a certificate of appealability. See Torres v. Davis, No. 06-1952 (6th Cir. Feb. 9, 2007).

Petitioner filed the pending habeas petition on February 14, 2018.

## III. Discussion

The law "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive application' in district court. 28 U.S.C. § 2244(b)(3)(A)." In re Stansell, 828 F.3d 412, 414 (6th Cir.

2

2016), see also Magwood v. Patterson, 561 U.S. 320, 330-31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court"). A habeas petition is "second or successive" for purposes of 28 U.S.C. § 2244(b) if the prior petition was decided on the merits. In re William Garner, 612 F.3d 533, 535 (6th Cir. 2010), citing In re Cook, 215 F.3d 606, 607-08 (6th Cir. 2000).

Petitioner's first habeas corpus petition was denied on the merits. See In re Cook, 215 F.3d 606, 608 (6th Cir. 2000) (a dismissal with prejudice based on a procedural default is a decision "on the merits" for purposes of § 2244(b)(3)); McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal of a habeas petition for failure to comply with the statute of limitations is a decision "on the merits"). Therefore, the present petition is a successive petition requiring prior authorization from the Sixth Circuit Court of Appeals. When a successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Although neither party raised the issue of this being a second or successive petition, the Court considers the issue sua sponte because subject-matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. Section § 2244(b)(3) allocates subject-matter jurisdiction over second or successive petitions to the court of appeals rather than the district court. See Keith v. Bobby, 618 F.3d 594, 599-600 (6th Cir. 2010). Thus, "the determination of whether a petition is 'second or successive' is actually a determination as to whether [the court of appeals]

3

has original subject-matter jurisdiction over the petition." Id. Because Petitioner has filed a second or successive habeas petition, the Court lacks jurisdiction to adjudicate the timeliness issue unless and until the Sixth Circuit authorizes Petitioner to file a successive habeas petition. See In Re McDonald, 514 F. 3d 539, 543-44 (6th Cir. 2008).

## IV. Conclusion

Accordingly, the Clerk shall TRANSFER this case to the Sixth Circuit. Respondent's motion to dismiss is DENIED WITHOUT PREJUDICE. If the Sixth Circuit authorizes the filing of a successive petition, Respondent's right to challenge the timeliness of the petition is preserved.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 9/5/2019
      Detroit, Michigan