UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE TORRES,

        Petitioner,

v.                                                                                        Case Number: 18-CV-10591
                                                                                          HON. AVERN COHN

RANDEE REWERTS,

        Respondent.
_____/

## MEMORANDUM AND ORDER
## GRANTING RESPONDENT'S MOTION TO DISMISS (ECF No. 7)
## AND
## DENYING CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jose Torres (Petitioner) filed a petition for a writ of habeas corpus challenging his convictions for three counts of first-degree criminal sexual conduct, M.C.L. § 750.520b(1)(a). Respondent, through the Attorney General's office, filed a motion to dismiss on the grounds that the petition is untimely. For the reasons that follow, the motion will be granted.

### II. Background

Petitioner's convictions arise from the sexual assault of then eight-year-old T.M. in December 1998 at the home Petitioner shared with his mother, Luz Rodriguez, in Pontiac.

Petitioner was convicted by a jury and sentenced to concurrent terms of twenty to fifty years in prison. His convictions were affirmed on direct appeal. People v. Torres, No. 240738, 2003 WL 22138279 (Sept. 16, 2003), lv. den. 494 Mich. 1003 (Mich. Jan. 27, 2004).

In 2004, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. See People v. Torres, No. 01-181975 (Oakland Cty. Cir. Ct. Apr. 25, 2005) (ECF No. 8-10). On July 20, 2005, the Michigan Court of Appeals dismissed Petitioner's delayed application for leave to appeal for "failure to pursue the case in conformity with the rules." People v. Torres, No. 263263 (Mich. Ct. App. July 20, 2005) (ECF No. 8-20, PageID. 923).

On October 12, 2005, Petitioner filed a habeas petition under 28 U.S.C. § 2241. The Court denied the petition. Torres v. Davis, No. 2:05-cv-73917 (E.D. Mich. Oct. 12, 2005). The Court also denied a certificate of appealability. Torres v. Davis, No. 2:05-cv-73917, 2006 WL 1943877 (E.D. Mich. July 11, 2006). The Sixth Circuit Court of Appeals declined to issue a certificate of appealability. Torres v. Davis, No. 06-1952 (6th Cir. Feb. 9, 2007).

On June 16, 2008, Petitioner filed a second motion for relief from judgment in the trial court. The trial court denied the motion because it was a second motion and failed to satisfy either of the two circumstances enumerated in Mich. Ct. R. 6.502(G), under which a successive motion may be filed. People v. Torres, No. 01-181975 (Oakland Cty. Cir. Ct. Sept. 23, 2008) (ECF No. 8-12). The Michigan Court of Appeals dismissed Petitioner's delayed application for leave to appeal because an "appeal from [an] order denying a successive motion for relief from judgment is prohibited by M.C.R. 6.502(G)." People v. Torres, No. 293902 (Mich. Ct. App. Oct. 20, 2009) (ECF No. 8-22, PageID.1237). Petitioner did not seek leave to appeal to the Michigan Supreme Court.

On August 20, 2015, Petitioner filed another motion for relief from judgment in the trial court claiming that his successive motion should be permitted under the newly-

2

discovered evidence and retroactive change in the law exceptions to the ban on successive petitions found in Mich. Ct. R. 6.502(G)(2). The trial court denied the motion. People v. Torres, No. 01-181975 (Oct. 12, 2015) (ECF No. 8-15). The Michigan Court of Appeals denied leave to appeal. People v. Torres, No. 332527 (Mich. Ct. App. May 31, 2017) (ECF No. 8-24). On May 31, 2017, the Michigan Supreme Court also denied leave to appeal. People v. Torres, 901 N.W.2d 842 (Mich. 2017).

On September 1, 2017, Petitioner filed a motion in the Sixth Circuit Court of Appeals for an order authorizing the filing of a successive habeas petition. The court of appeals denied the motion as unnecessary. In re: Jose Torres, No. 17-2087 (6th Cir. Feb. 5, 2018) (ECF No. 1-1, PageID.117).

Petitioner filed the instant petition under § 2254 on February 14, 2018. Respondent filed the motion to dismiss to which Petitioner responded. See ECF Nos 7, 9. The Court denied the motion to dismiss without prejudice and, believing the petition was successive, transferred it to the Sixth Circuit. (ECF No. 12). Petitioner then filed a motion for reconsideration, explaining that the petition was not successive. (ECF No. 13). The Court granted the motion and reopened the case. (ECF No. 14). Thus, Respondent's motion to dismiss is not properly before the Court.

### III. Discussion

### A.

28 U.S.C. § 2254(d) imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year from the latest of the following four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent argues that the one year limitations period should be measured under subsection (A), that is, from the date on which the judgment became final. Petitioner argues that the relevant subsection is (D), measuring the limitations period from the date on which the factual predicate became known. Both subsections are considered in turn below.

**B.**

Subsection § 2244(d)(1)(D) provides that, where applicable, the limitations period shall run from the "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). The applicability of § 2244(d)(1)(D) is evaluated on a claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005) (the limitations period is considered claim-by-claim under § 2244(d)(1)(D)). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay ... while a habeas petitioner gathers every possible scrap of evidence that might ... support his claim." Sorce v. Artuz, 73 F. Supp.2d 292, 294-95 (E.D. N.Y.1999) (internal quotation omitted). A habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual

4

predicate of the habeas claims. Stokes v. Leonard, 36 F. App'x 801, 804 (6th Cir. 2002). "An application that 'merely alleges that the applicant did not actually know the facts underlying his ... claim' is insufficient to show due diligence." Id. (quoting In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997)).

Petitioner argues that the limitations period should run from June 27, 2015, when his mother, Luz Rodriguez, executed an affidavit stating: (1) she and Petitioner no longer lived at the home (35 Ellwood Street) where T.M. claimed the abuse occurred at the time T.M. claimed the abused occurred (in December 1998); and (2) she was working full-time at that point and, therefore, was not providing daycare for the victim. (ECF No. 1, PageID. 62-63.) Petitioner fails to show that the information in the affidavit was not previously known to him or could not have been discovered. In December 1998, Petitioner was 17 years old, and at the time of trial, he was 20 years old. He was certainly old enough at 17 and 20 to know or determine where he lived at the time of the offense. He was also old enough to know whether his mother, with whom he lived, was providing in-home daycare. Petitioner fails to provide any reason why these facts were not known to him or could not have been ascertained by him at the time of trial. Rodriguez's affidavit also details her significant health problems beginning in April 1998 when she suffered an aneurysm. She states she was still suffering from resulting memory problems at the time of Petitioner's trial in 2002. Rodriguez's health problems, however, are irrelevant to Petitioner's ability to know where he was living in December 1998. Petitioner has not shown that the facts underlying this claim were not known to him or could not have been made known to him through the exercise of due diligence prior to June 27, 2015. Therefore § 2244(d)(1)(D) does not apply and § 2244(d)(1)(A) controls.

5

**C.**

Under § 2244(d)(1)(A), the petition was not timely filed. Petitioner's conviction became final on January 27, 2004, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. The limitations period commenced on January 28, 2004, and continued to run until Petitioner filed a motion for relief from judgment in the trial court on December 1, 2004. The motion for relief from judgment tolled the limitations period with 57 days remaining. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...."). The trial court denied the motion on April 25, 2005, and the Michigan Court of Appeals dismissed the application for denied leave to appeal on July 20, 2005. Petitioner did not seek leave to appeal the court of appeals' decision to the Michigan Supreme Court. The limitations period continued to be tolled until September 14, 2005, when the time for appealing the Michigan Court of Appeals' decision expired. See Holbrook v. Curtin, 833 F.3d 612, 619 (6th Cir. 2016) (holding that the one-year limitations period is tolled "during the period in which he could have, but did not, appeal" the state appellate court's denial of his motion for post-conviction relief). The limitations period resumed running on September 15, 2005.

On October 12, 2005, Petitioner filed his first habeas petition. A federal habeas corpus petition "is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." Duncan v. Walker, 533 U.S. 167, 181 (2001). Consequently, the limitations period was not statutorily tolled while Petitioner's first habeas petition was pending. Id. at 181-82. But the one-year limitations period may,

6

in certain limited circumstances, be equitably tolled while a habeas petition is pending. Reeves v. Campbell, 708 F. App'x 230, 235-36 (6th Cir. 2017). The Court assumes, without deciding, that the limitations period was tolled while his habeas petition was pending, that is, from October 12, 2005 through February 9, 2007, when the Sixth Circuit denied a certificate of appealability. Unfortunately, this does not render the petition timely. The limitations period, of which 29 days now remained, resumed on February 10, 2007, and expired on March 10, 2007. This petition was filed on February 14, 2018, almost eleven years after the limitations period expired.

**D.**

Alternatively, Petitioner also argues that, even if the petition was not timely filed, his showing of actual innocence excuses the untimeliness. The Supreme Court has held that a showing of actual innocence overcomes the statute of limitations. McQuiggin v. Perkins, 568 U.S. 383, 392 (2013). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "The Schlup standard is demanding and permits review only in the 'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." Id. (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" Id. (quoting Schlup, 513 U.S. at 329)

Petitioner's actual innocence claim relies on his mother's affidavit and the affidavits of Javier Cartagena-Colon and Diana Roriguez-Cintron. First, as discussed above, Petitioner's mother's affidavit is offered to show: (i) Petitioner and his mother did not live at 35 Ellwood Street, in December 1998, as they already had moved to their new home at 25 Ellwood Street; and (ii) Petitioner's mother was not providing daycare for the victim at that time and had not done so since 1995. Second, Cartagena-Colon and Rodriguez-Cintron state in their respective affidavits that they lived at 35 Ellwood Street from October 1998 to sometime in 2000. (ECF No. 9, PageID. 1456, 1459.)

The exact address where the assault occurred was not central to the case, and, other than passing references to Ellwood Street, not even discussed. The victim testified that the sexual conduct took place at Petitioner's mother's home. Neither the victim nor her mother specified the address. In addition, to the extent these affidavits call into question the victim's testimony about the specific address or type of home where the assault occurred, this type of impeachment evidence does not provide proof of actual innocence. See Sawyer v. Whitley, 505 U.S. 333, 349 (1992) (newly discovered impeachment evidence "will seldom, if ever," establish actual innocence); In Re Byrd, 269 F.3d 561, 577 (6th Cir. 2001) ("attacks on trial witness's ... reliability, ...do not provide proof of 'actual innocence'").

Rodriguez's claim that she did not provide daycare after 1995 is similarly insufficient to raise a credible actual innocence claim. First, her affidavit should be viewed with caution because, as Petitioner's mother, she has a personal stake in his exoneration. See Chavis-Tucker v. Hudson, 348 F. App'x 125, 134 (6th Cir. 2009). Second, her affidavit was executed thirteen years after Petitioner's trial and seventeen years after she

claims to have moved out of the Ellwood home. The passage of time between the crime and Rodriguez's affidavit makes her affidavit less persuasive.

The affidavits all have significant problems and fall far short of convincing the Court that, when considered in light of all the evidence presented at trial, the affidavits make it "more likely than not any reasonable juror would have reasonable doubt." House, 547 U.S. at 538. Equitable tolling is not warranted and the petition is untimely.

### IV. Conclusion

For the reasons stated, Respondent's motion for dismissal is GRANTED. The petition is DISMISSED.

Further, because jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(1)(a), (2); Fed. R. App. P. 22(b).

SO ORDERED.

                                              S/Paul D. Borman
                                              Presiding U.S. District Judge for
                                               Avern Cohn
                                              U.S. District Judge

Dated: 12/20/2019
       Detroit, Michigan